UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IP FUND 1, INC. et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 3:07-CV-1556-P |
| MICHAEL E. KELLY et al., ) | |
| Defendants, ) | |
| and ) | |
| UNITED STATES SECURITIES ) AND EXCHANGE COMMISSION, ) | |
| Intervenor. ) | |

## O R D E R

Pursuant to the District Court's order of reference filed on July 11, 2008, the United States Securities and Exchange Commission (SEC)'s Motion for an Order to Show Cause Why Plaintiffs Should Not be Held in Contempt of Court filed on April 24, 2008, was referred to the undersigned magistrate judge for determination.

On July 17, 2008, the court issued an order directing IP Fund 1, Inc. and its president and/or other specially designated representative and Thomas B. Ramey, Jr., to appear on July 31, 2008, to show cause why the SEC's motion should not be granted. On July 28, 2008, IP Fund 1 and Mr. Ramey filed their motion for continuance which the court granted after conferring with counsel by telephone and directing them to inform me as to what discovery matters remained in dispute.

By letter dated August 11, 2008, the SEC's counsel identified documents which were subject to the District Court's orders filed on December 6, 2007 and March 10, 2008, and which

had not been produced. As a result the court set a hearing on August 20, 2008, at which the SEC appeared by counsel and Plaintiffs appeared by their counsel, Stephen J. Johnson. Having considered the relevant pleadings together with the SEC's letter of August 11, 2008, and Plaintiffs' response filed on August 18, 2008,

IT IS ORDERED that Plaintiffs will produce the following documents and information:

1. A list of all Universal Lease investors whom plaintiffs purport to be members of IP Fund 1, Inc. (IP Fund"), along with contact information (including names, addresses, telephone numbers and email addresses, if known) for each such investor. The SEC shall not disclose this list to third parties without further order of the court. Plaintiffs' counsel's claim of attorney-client privilege with each member of the IP Fund is denied.

2. A list showing the total amount paid by each such investor to or for the benefit of Ernest Bustos ("Bustos") or the IP Fund. The SEC shall not disclose this list to third parties without further order of Court.

3. All communications between the IP Fund (and any agents or persons acting on its behalf, including Bustos and Stephen Johnson) and any investors whose interests the IP Fund purports to represent, including but not limited to any communications to or from or relating to Ernest Bustos and any contracts, retainer agreements or other documents relating to the IP Fund or this litigation signed by any such investors;

4. A copy of all bank records for the IP Fund since its inception. Plaintiffs' request for a protective order governing such records is denied;

5. All communications by or among Bustos, the IP Fund and any of the proposed directors of Resorts Management Group, LLC ("Resorts Management"), including, but not limited to, the following board members identified by plaintiffs in their filings with the Court:

Melvin N. Weinstein, Sonda Ann (Blake) Wilson, Sandy Duka, Detlev J. Wilkens, Steve A. Sturgeon, Steven Beaudry and Richard Swenson;

6. All written agreements or offers concerning each such board member's participation with Resort Management.

Since Plaintiffs have not asserted a claim of privilege in their response filed on August 19, 2008, there is no occasion to require them to produce a privilege log, but they are ordered to file with the court, contemporaneously with their compliance with the foregoing paragraphs a certification that the requirements of this order have been met.

Given the length of time since the subject orders of the District Court were filed, the court expects that Plaintiffs will commence steps to comply with this order forthwith - e.g. the names and addresses of investors and amounts paid - ¶¶ 1 and 2, *supra*, but in any event full compliance will be accomplished within twenty (20) days of the date of this order, unless extended by agreement of the SEC and Plaintiffs or by further order of the court for good cause shown.

SIGNED this 22nd day of August, 2008

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

3