**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IP FUND 1, INC. et al.,          ) | |
|                                       ) | |
|     Plaintiffs,            ) | |
|                                       ) | |
| v.                                         ) | Civil Action No. 3:07-CV-1556-P |
|                                       ) | |
| MICHAEL E. KELLY et al.,        ) | Judge Jorge A. Solis |
|                                       ) | |
|     Defendants,          ) | |
|                                       ) | |
| and                                       ) | |
|                                       ) | |
| UNITED STATES SECURITIES    ) | |
| AND EXCHANGE COMMISSION, ) | |
|                                       ) | |
|     Intervenor.           ) | |

**U.S. SECURITIES AND EXCHANGE COMMISSION'S RENEWED MOTION**
**FOR AN ORDER REQUIRING PLAINTIFFS TO APPEAR AND SHOW CAUSE WHY**
**THEY SHOULD NOT BE HELD IN CONTEMPT OF COURT**

The United States Securities and Exchange Commission ("SEC") respectfully renews its motion seeking an order requiring plaintiffs IP Fund 1, Inc. ("IP Fund") and Thomas Ramey, Jr. ("Ramey") (collectively, "Plaintiffs") to personally appear before this Court and show cause why they should not be held in contempt for their continued failure to obey the Court's discovery orders dated December 6, 2007, March 10, 2008 and, most recently, August 22, 2008. Despite three orders, Plaintiffs have not yet produced the limited discovery first ordered by the Court more than one year ago. Obviously, stronger coercive measures are required to obtain Plaintiffs' compliance with this Court's orders. In support of this motion, the SEC states as follows:

      1.      As set out in the SEC's first motion for an order to show cause, Plaintiffs have long disregarded the discovery order entered by the Court on December 6, 2007 and later reinforced on March 10, 2008. Among other things, these orders required Plaintiffs to produce

certain, limited discovery to the SEC. *See* December 6, 2007 order, at pp. 4-5 (Docket entry 29); March 10, 2008 order, p. 3 (Docket entry 40); U.S. Securities and Exchange Commission's Motion for an Order to Show Cause Why Plaintiffs Should Not be Held in Contempt of Court (Docket entry 47) ("First Contempt Motion"). The SEC incorporates by reference its First Contempt Motion. The First Contempt Motion demonstrated that despite the two orders set out above, Plaintiffs had produced nothing. *See* First Contempt Motion, at pp 1-3.

2. The Court referred the SEC's First Contempt Motion to Magistrate Judge Sanderson, who held a hearing on August 20, 2008. After the hearing, on August 22, 2008, Magistrate Judge Sanderson did not hold Plaintiffs in contempt, but instead entered a third order ("Magistrate Sanderson's Order"), which reinforced the Court's two prior orders. Magistrate Sanderson's Order required Plaintiffs to complete their production of 6 specified categories of documents within 20 days. Magistrate Judge Sanderson also required Plaintiffs to file with the Court a certification that they had complied with Magistrate Sanderson's Order. *See* Docket entry 93.

3. Plaintiffs have failed and refused to comply with Magistrate Sanderson's Order.

4. In the weeks after Magistrate Sanderson's Order, Plaintiffs produced only some of the required documents pertaining to categories 1, 2 and 3,[1] and no documents whatsoever pertaining to categories 4 through 6. To date, notwithstanding the plain and unequivocal language of Magistrate Judge Sanderson's Order and despite repeated requests by the SEC,

---

[1] Even with respect to categories 1 – 3, Plaintiffs' production is incomplete. For example, the list of IP Fund members supplied by Plaintiffs does not include email addresses as required by Magistrate Sanderson's Order. Additionally, Plaintiffs have not indicated whether the documents supplied to the SEC relating to categories 1 and 2 includes all members and all payments. Further, Plaintiffs production of category 3 documents is clearly incomplete, as no email communications were provided even though the SEC is aware that the IP Fund has communicated extensively with its members via email. Not surprisingly, Plaintiffs have not certified that their production is complete even with respect even to these three categories.

Plaintiffs have not produced *any* documents with respect to the these categories, which are as follows:

> **Category 4**: A copy of all bank records for the IP Fund since its inception. Plaintiffs' request for a protective order governing such records is denied;
>
> **Category 5**: All communications by or among Bustos, the IP Fund and any of the proposed directors of Resorts Management Group, LLC ("Resorts Management"), including, but not limited to, the following board members identified by plaintiffs in their filings with the Court: Melvin N. Weinstein, Sonda Ann (Blake) Wilson, Sandy Duka, Detlev J. Wilkens, Steve A. Sturgeon, Steven Beaudry and Richard Swenson; and
>
> **Category 6**: All written agreements or offers concerning each such board member's participation with Resort Management.

5.     Plaintiffs' failure to produce documents responsive to these categories is especially disturbing given the history of this issue. Plaintiffs were previously required to produce these same categories of documents in two separate orders, the first of which now dates back more than one year ago. Although he was not required to do so, Magistrate Judge Sanderson gave Plaintiffs the opportunity to object to the production of documents for each of these categories, and entered his order only after considering and rejecting their objections at the show cause hearing held on the matter on August 20, 2008. Rather than hold Plaintiffs in contempt right then and there, Magistrate Judge Sanderson gave them one last opportunity to comply, issuing the order that is now the subject of yet another contempt hearing. Remarkably, Plaintiffs continue to act as though compliance with the orders of this Court are optional, essentially daring the Court to find them in contempt and sanction them.

6.     Plaintiffs' continuing refusal to obey the Court clearly demonstrates their contempt for the Court and for our system of justice, which cannot function unless parties obey court orders. Plaintiffs' contempt has caused the SEC to waste resources filing what are now two contempt motions to force Plaintiffs to comply with this Court's orders. Because of

Plaintiffs' contumacious behavior, the SEC must seek, again, the Court's assistance in coercing Plaintiffs compliance with its orders.

7.     The Court clearly has the power to enforce these orders.  It has long been held that "federal courts have the inherent power to enforce compliance with its lawful orders by contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  *See also S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911) ("the power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by the law")).

8.     To show that Plaintiffs should be held in contempt, the SEC "must establish by clear and convincing evidence, that (1) a court order was in effect, (2) the order required specific conduct by the respondent, and (3) the respondent failed to comply with the court's order." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275 at *3 (N.D. Tex. Feb. 1, 2008) (quoting *U.S. v. City of Jackson, Miss*., 359 F.3d 727, 731 (5th Cir. 2004)).  Here, Magistrate Judge Sanderson's August 22, 2008 order (as well as the Court's December 6, 2007 and March 10, 2008 orders) clearly spelled out the documents and information Plaintiffs must produce and Plaintiffs have not produced them.

9.     The SEC respectfully requests that the Court enforce Magistrate Sanderson's Order.  Specifically, the SEC requests that the Court: (a) require Plaintiffs to appear before the Court at a hearing and to advise the Court of the person or persons who are responsible for their continuing and longstanding refusal to obey the Court; (b) enter an order finding those responsible in contempt of court; (c) enter such further orders as are necessary to coerce

Plaintiffs' compliance with Magistrate Judge's Sanderson's order, including fines or litigation sanctions or both.

    WHEREFORE the SEC respectfully requests that the Court:

1.     Order the Plaintiffs, including the President and each other controlling officer of IP Fund 1, Inc. and Thomas Ramey, Jr., to personally appear before the Court at a hearing and show cause why they should not be held in contempt of Court

2.     At such hearing, determine the person or persons who are responsible for Plaintiffs' failure to obey the Court's orders;

3.     Enter an order finding those responsible in contempt of court; and

4.     Enter such other and further relief as the Court deems necessary to get Plaintiffs to immediately produce to the SEC all outstanding discovery as required by Magistrate Sanderson's Order.

Dated: December 10, 2008

                                                    Respectfully submitted,

                                                    /s Kristopher S. Heston
                                                  Steven J. Levine (IL Bar No. 6226921)
                                                  Kristopher S. Heston (IL Bar No. 6204816)
                                                  Attorneys for Intervenor
                                                  U.S. Securities and Exchange Commission
                                                  175 W. Jackson Blvd., Suite 900
                                                  Chicago, IL 60604
                                                  (312) 353-7390 (tel)
                                                  (312) 353-7398 (fax)

Certificate of Service

      I, Kristopher S. Heston, an attorney, certify that on December 10, 2008, a copy of the U.S. SECURITIES AND EXCHANGE COMMISSION'S RENEWED MOTION FOR AN ORDER REQUIRING PLAINTIFFS TO APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMP OF COURT was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

Stephen J Johnson, Esq.
The Law Office of Stephen J Johnson
8700 Crownhill Blvd.
Suite 804
San Antonio, TX 78209
Email: sjjklaw22@aol.com

Philip D Collins, Esq.
D Woodward Glenn P.C.
2626 Cole Ave
Suite 510
Dallas, TX 75204
Email: pdcollins@dwgpc.com

Suzanne Bass, Esq.
Craddock, Davis & Krause, L.L.P.
3100 Monticello Ave.
Suite 550
Dallas, TX 75205-3442
Email: sbass@cdklawfirm.com

Shauna J. Wright, Esq.
Kelly, Hart & Hallman, L.L.P.
201 Main Street
Suite 2500
Fort Worth, TX 76102
Email: shauna.wright@khh.com

Michael J. Craddock, Esq.
Craddock, Davis & Krause, L.L.P.
3100 Monticello Ave.
Suite 550
Dallas, TX 75205-3442
Email: mcraddock@cdklawfirm.com

George M. Kryder, Esq.
Vinson & Elkins, L.L.P.
2001 Ross Ave.
Suite 3700
Dallas, TX 75201-2975
Email: gkryder@velaw.com

Carol C. Payne, Esq.
Vinson & Elkins, L.L.P.
2001 Ross Avenue
Suite 3700
Dallas, TX 75201-2975
Email: cpayne@velaw.com

       /s Kristopher S. Heston
      Kristopher S. Heston
      One of the attorneys for Intervenor,
      Securities and Exchange Commission